IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARC EBERLY,

                Plaintiff,

      v.

JONATHAN HARNACK, ET. AL.

              Defendants.

No. 19 CV 6129

Magistrate Judge Jeffrey T. Gilbert

## MEMORANDUM OPINION AND ORDER

Marc Eberly ("Eberly") initiated this action in September of 2019, alleging that the individual Defendants, who are officers of the Kane County Sheriff's Office, violated his civil rights in connection with his September 13, 2017 arrest. Kane County also is named as a Defendant. Eberly pled guilty to state charges that resulted from that arrest: residential burglary and two counts of attempting to disarm a peace officer. Defendants moved to dismiss Eberly's original complaint, arguing that if Eberly was successful on his claims, that would impugn the validity of his state criminal convictions and so the claims were barred in their entirety by *Heck v. Humphrey*, 512 U.S. 477 (1994). Judge Edmond E. Chang, who presided over this matter before the parties consented to this Court's jurisdiction, [ECF Nos. 37, 39, 56], agreed in part and dismissed Counts 1, 2, 3, 5, 6, 7, and 8 (Eberly did not plead a Count 4) without prejudice. [ECF No. 33]. Counts 9 and 10 survived Defendants' motion to dismiss.

Eberly has since filed an amended complaint in an attempt to ameliorate the *Heck* issues. Defendants now move once again to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 42]. As explained below, Defendants' motion is granted in large part but denied with respect to Counts 6 and 7, provided that the indemnity claim outlined in Count 6 is based on the allegations in Count 7.

## I.
## Background

The following factual allegations, as set forth in Eberly's First Amended Complaint ("FAC") [ECF No. 34] and supplemented by the uncontested factual basis of his guilty plea to state charges arising out of the September 2017 incident [ECF No. 42] at 46-48, are accepted as true for purposes of Defendants' motion to dismiss. *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). On September 13, 2017, Kane County Sheriff's Officers responded to a call of a residential burglary at a private home in Big Rock, Illinois and saw a damaged window and screen from outside the home. [ECF No. 42] at 47; FAC at 1, ¶¶ 1-3.[1] The officers went inside, located Eberly in a bedroom at the end of the hallway, and confronted him. [ECF No. 42] at 47; FAC at 1, ¶¶ 2-3. A struggle ensued during which Eberly attempted to disarm both Officer Rojkowski and Officer Wilgosiewicz.[2] [ECF

---

[1] The inconsistent numbering in Eberly's FAC has complicated the Court's ability to accurately cite to Eberly's allegations. For example, the FAC begins on page one with ¶ 1, but on page 3, abruptly restarts its numbering and begins again at ¶ 1. As a result, there are duplicate paragraphs 1 through 16. Then, on page nine, the FAC abandons numbering altogether and instead proceeds with amorphous, free-floating paragraphs to which it is difficult to cite with specificity. Wherever possible, the Court has included the corresponding page number when citing to a particular paragraph in the FAC.

[2] At several points in the FAC, Eberly refers to Officer Wilgosiewicz as Officer (or Deputy) Willgosiewioz and Officer Harnack as Officer Harnacke. FAC at 4, ¶¶ 6-7. For clarity of the

No. 42] at 47, FAC at 2, ¶ 13. A gunshot was then fired in Eberly's direction. FAC at 1, ¶ 5.

The Kane County Sheriff's Office and its officers said in their investigative reports, and consistently maintained throughout Eberly's state prosecution, that Officer Wilgosiewicz discharged his weapon during a "close quarters struggle" with Eberly. FAC at 4, ¶ 6. Eberly, however, alleges that the true shooter was Officer Jonathon Harnack, who was off duty at the time but whom Eberly alleges responded to the scene. FAC at 1, ¶¶ 4-5. Officer Harnack's name does not appear in any documentation about the incident or arrest, FAC at 1, ¶¶ 4-5, but according to Eberly, Sergeant Chris Peeler "told other people that the actual officer involved in this case that fired the weapon" was Officer Harnack. FAC at 4, ¶ 6; FAC at 2, ¶ 15. To protect Officer Harnack and "to support the charging documents against [Eberly]," Defendants allegedly fabricated evidence, hid exculpatory information, and otherwise promoted the fictitious narrative that Officer Wilgosiewicz fired the shot. FAC at 1-2, ¶¶ 4-6; FAC at 6, ¶ 24.

Eberly was indicted on charges of residential burglary, two counts of attempting to disarm a peace officer, and criminal damage to property related to the incident. [ECF No. 42] at 23-31. He was held in pre-trial custody from September 13, 2017 to May 16, 2018, or about 245 days, and then pled guilty to three of the four charges referenced above. FAC at 5, ¶¶ 16-18; [ECF No. 42] at 46-48.

---

record, the Court assumes that individuals identified in the complaint by similar spelling are the same people.

Turning first to Eberly's federal claims, Count 1 now alleges that each of the Defendants failed to intervene in the violations of Eberly's constitutional rights. FAC at 4-5, ¶¶ 9-13. Count 2 targets Eberly's pretrial detention and asserts that Defendants violated Eberly's Fourth Amendment rights by accusing him of criminal activity and exaggerating the facts and circumstances of the incident, thus resulting in the imposition of a higher bond and causing Eberly to be incarcerated pretrial for 245 days. FAC at 5, ¶¶ 16-20. Count 3 alleges that Defendants conspired to violate Eberly's constitutional rights by depriving Eberly of exculpatory information, which in turn caused Eberly "loss of liberty, physical harm, and emotional distress." FAC at 5, ¶¶ 24-27. Count 7 asserts that Officer Harnack used excessive force when he discharged his firearm at Eberly during the September 13, 2017, incident, in violation of Eberly's Fourth Amendment rights. FAC at 8-9, ¶¶ 41-49. In the alternative, Count 8 alleges that Officer Wilgosiewicz used excessive force by firing his weapon at Eberly during the same incident, also in violation of his Fourth Amendment rights. FAC at 9-10, ¶¶ unknown.

Eberly also re-pleads three state law claims arising from his arrest and subsequent prosecution. Count 4 alleges that the Defendants inflicted severe emotional distress, whether intentionally or recklessly, on Eberly. FAC at 6-7, ¶¶ 29-31. Count 5 now mirrors Count 3 and alleges a conspiracy among Defendants to violate state law. FAC at 7, ¶¶ 32-36. Finally, Count 6 seeks indemnification from Kane County for any compensatory damages that might be awarded against any of the individual defendants. FAC at 7-8, ¶¶ 37-40.

## II.
## Standard of Review

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC,* 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted); *see also, Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) (a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A claim is plausible where a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). At base, a plaintiff must allege "enough details about the subject-matter of the case to present a story that holds together." *Id.*; *Twombly,* 550 U.S. at 555.

## III.
## Analysis

Defendants renew their motion to dismiss Eberly's complaint in its entirety, asserting that any amendments since Judge Chang's opinion dismissing all but two counts of his original complaint do not change the outcome under *Heck*. Defendants also ask this Court to revisit the previous ruling that Eberly's excessive force claim survives *Heck* and to hold that Eberly's state law claims are time barred. The Court agrees with Defendants that Eberly has not successfully ameliorated the *Heck* issues described in Judge Chang's prior opinion, *Eberly v. Harnack,* 2020 WL 6681347 (N.D. Ill. 2020), and for the reasons discussed below, the motion to dismiss is granted as to Eberly's claims for failure to intervene (Count 1), unreasonable pretrial detention

(Count 2), conspiracy to violate federal constitutional rights (Count 3), intentional infliction of emotional distress (Count 4), state law conspiracy (Count 5), and excessive force against Officer Wilgosiewicz (Count 8). The excessive force claim against Officer Harnack (Count 7) once again survives, as does the indemnification claim (Count 6), but only to the extent that it is premised on the excessive force claim against Officer Harnack. The indemnification claim is otherwise dismissed. These dismissals all are with prejudice as this is Eberly's second chance to state cognizable claims and it does not appear that he can do so.

In assessing, even at this early stage, whether a Section 1983 plaintiff can sue for an injury, the Court must consider the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the complaint charged that state prosecutors and police officers engaged in unlawful acts which led to the plaintiff's arrest and ultimate conviction. *Id.* at 479. The Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487; *see also Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006). If a judgment for the plaintiff would impugn the conviction or sentence at issue, the court must dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[3] *Id.*; *see also Ienco v. Angarone*, 429 F.3d 680, 685 (7th Cir. 2005) ("constitutional claim cannot

---

[3] Eberly does not appear to challenge the fact that his convictions and sentences remain in valid effect, i.e. they have not been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 487.

be filed until an underlying criminal conviction is nullified where the constitutional claim, if vindicated, would undermine the conviction."). To apply *Heck*'s bar against certain damage actions, the Court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which he was convicted. There must be a clear nexus between the plaintiff's conviction and the alleged wrongful government action before the *Heck* bar applies.

### A. Federal Claims

As described above, Eberly's amended complaint largely tracks his original complaint, although a few counts have been deleted or renumbered. Turning first to the federal claims at issue, Eberly has amended his complaint to remove much of the problematic language (from a *Heck* perspective) cited by Judge Chang in his previous opinion. *See, e.g.,* Compl. [ECF No. 1] at ¶ 20 ("Absent these Defendants' misconduct, Plaintiff could not and would not have been further prosecuted, and Plaintiff would not have been forced to plead to a crime he did not commit.); ¶ 35 ("The Defendants accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so, in violation of his rights secured by the Fourth Amendment."). In addition to removing language directly asserting that he is innocent, Eberly also added, to Counts 1 and 2, a rote disclaimer that he "does not question the validity of his guilty plea because the shooting was not contemplated in the plea or element of any offense alleged." FAC at 5, ¶ 13; FAC at 6, ¶ 22.

By tweaking his complaint in the manner described above, Eberly has perhaps masked the symptoms of the *Heck* issue in his amended complaint. But he has done

7

little to substantively confront the fact that, as pled, Counts 1-3 necessarily impugn the validity of his convictions in the same way that Counts 2, 5, and 6 of his original complaint did so. Nor is his mechanical disclaimer that he does not intend to question the validity of his guilty plea availing, as the salient question is not how Eberly characterizes his claims, but rather, whether the facts upon which his claims are based are the same facts that would be used to invalidate his convictions. *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) ("It is irrelevant that [plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit.").

Here, Count 1, which alleges Defendants' failure to intervene in the violation of Eberly's constitutional rights, still necessarily impugns the substance of Eberly's convictions for attempting to disarm two officers during the course of his arrest. In particular, Eberly says in his complaint that as a result of Defendants' amorphous "misconduct," he suffered "loss of liberty, physical harm, and emotional distress." FAC at 5, ¶¶ 11-12. In other words, Eberly's underlying theory on Count 1 still relies on the conclusion that if Defendants had not failed to intervene to prevent the alleged violation of his constitutional rights during his arrest, he would not have suffered "loss of liberty," i.e., he would not have been taken into custody, prosecuted, convicted, and sentenced for the officer-related charges. Because these convictions still are valid and they cannot be reconciled with Count 1 of Eberly's civil action as pled, Count 1 is *Heck* barred and must be dismissed.

8

Eberly's amended Count 2 similarly fails to adequately address the *Heck* bar previously applied by the court. *Eberly*, 2020 WL 6681347, at *4. Although Eberly no longer directly references his belief that there was a lack of probable cause for the judicial proceedings related to his underlying convictions, he does describe, in carefully vague terms, that because Defendants "accused" him of criminal activity and "exaggerated" what happened during the September 2017 incident, he was unconstitutionally "seized by incarceration," in violation of the Fourth Amendment. FAC at 5, ¶ 16. So too does he suggest that he was given a higher bond and ordered to remain in custody pre-trial because Defendants "alter[ed] the description" of the incident, i.e. fabricated a version of events where Officer Wilgosiewicz fired his gun when Eberly initiated a physical struggle with him and tried to take his weapon. FAC at 6, ¶ 22. The "altered" set of facts Eberly accuses Defendants of presenting, however, still is inextricably intertwined with the factual basis of Eberly's convictions for the officer-related crimes of attempting to disarm Officers Wilgosiewicz and Rojkowski.[4] And given the nature of Eberly's Fourth Amendment claim, as outlined in Count 2, a finding that Eberly's pretrial detention was unconstitutional would imply the invalidity of the officer-related charges against him. That is, success on Count 2 – which in turn requires Eberly to prevail on his overarching theory that he was

---

[4] The factual basis for Eberly's plea was, among other things, that "[t]he officers made entry and heard the defendant in a bedroom at the end of the hallway[.] [The] officers approached that bedroom and [gave] commands, and when officers made contact with the defendant, the defendant lunged towards Deputy Rojkowski and was grabbing the deputy's firearm and attempted to pull the firearm away from the officer; that the defendant then ran towards Officer Wilgosiewicz, that the defendant then grabbed Deputy Wilgosiewicz's firearm, attempting to pull it away from the deputy, [after] which officers were then able to take the defendant into custody." [ECF No. 42] at 47. Eberly stipulated to the above proffer at the time he entered his guilty plea. [ECF No. 42] at 49.

"intentionally shot at by Defendant Harnack from across the room without legal justification because no officer was in reasonable fear of grave bodily harm or death,– would be incompatible with a conviction on the officer-related charges for which Eberly was arrested, detained, and prosecuted. FAC at 1, ¶ 5. This is fatal under *Heck*, and so Count 2 cannot proceed.

Count 3 falls to *Heck* for the same reasons as Counts 1 and 2. As pled, Count 3 outlines a broad conspiracy to "keep secret the actual shooter" during the September 2017 incident, resulting in loss of liberty, physical harm, and emotional distress. FAC at 6, ¶ 27. It also vaguely asserts that Defendants conspired to deprive Eberly of "exculpatory information to which he was lawfully entitled." FAC at 6, ¶ 24. Yet it does not do enough to extricate itself from the facts that underly Eberly's officer-related convictions, because if the facts alleged prove to be true, it would call into question Eberly's conviction and subsequent sentence. Indeed, Eberly's choice of words – that Defendants conspired to deprive him of *exculpatory* evidence – reveals why it cannot survive under *Heck* as pled. That is, by characterizing the fact that Officer Harnack, not Officer Wilgosiewicz, fired the shot at him as "exculpatory" information, Eberly is necessarily arguing that he would have been exculpated by that information, and so he would not (or should not) have been convicted or sentenced for the underlying crimes in his case. That Count 3 directly implies the invalidity of his state convictions is precisely why *Heck* bars that claim now.

Count 7, the excessive force claim against Officer Harnack, was the sole federal claim to survive the *Heck* challenge to Eberly's original complaint. Although Defendants urge the Court to reconsider Judge Chang's conclusion that the excessive

force claim against Defendant Harnack is not *Heck* barred, this Court sees no error with Judge Chang's analysis of Count 8 of Eberly's original complaint, which Defendants agree is almost identical to Count 7 of the FAC. *Eberly*, 2020 WL 6681347, at *5. Nor is the Court persuaded by Defendants' renewed arguments. The Court, therefore, finds that success on Count 7, at least as broadly pled, does not *necessarily* imply that Eberly's convictions for attempting to disarm Officers Rojkowski and Wilgosiewicz were invalid. *See generally, Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("[W]e were careful in Heck to stress the importance of the term "necessarily.") There are theoretical ways that Eberly could succeed on his excessive force claim against Officer Harnack that would not implicate Eberly's conviction for attempting to disarm two other police officers who were on scene. *See, e.g., VanGilder v. Baker*, 435 F.3d 689, 692 (7th Cir. 2006) (concluding that an action against an officer for excessive use of force did not necessarily imply the invalidity of the plaintiff's conviction for resisting that officer during his arrest because plaintiff was not challenging the facts of his conviction or plea colloquy, but rather, arguing as a matter of law the officer used objectively unreasonable force when he responded to plaintiff's resistance by beating him in the face, causing bruises and broken bones). The Court echoes Judge Chang's sentiments that it will be an uphill battle for Eberly to prevail on Count 7 given the uncontested facts of his plea colloquy, but it cannot say at this early stage that Eberly has pled himself out of court with Count 7 of his amended complaint.

Finally, the Court must grapple with the biggest substantive change to Eberly's complaint – the addition of Count 8, which pleads, as an alternative to Count

11

7, that Officer Wilgosiewicz used excessive force when he discharged his weapon at Eberly during the September 2017 incident. The Court first turns to whether Eberly may properly plead conflicting excessive force counts against Officers Harnack and Wilgosiewicz. To be certain, Count 8 is a marked departure from the allegations contained in Eberly's complaint up until this point and his articulated legal theory, which details a broad conspiracy between Kane County Sheriff's officers to fabricate evidence and otherwise conceal the "true identity" of the shooter during Eberly's arrest: Officer Harnack. Eberly is correct that he is allowed to plead in the alternative at the pleading stage, even if that creates inconsistencies. *See generally, Alper v. Altheimer & Gray,* 257 F.3d 680, 687 (7th Cir. 2001). But in order to do so, a plaintiff must legitimately be in doubt about the facts in question. *Am. Int'l Adjustment Co. v. Galvin,* 86 F.3d 1455, 1461 (7th Cir. 1996). At this early stage, the Court is not inclined to dismiss Eberly's alternative, albeit inconsistent, Count 8 on that basis alone. But it is hard to believe that Eberly is in doubt about the facts in question when his entire complaint, until Count 8, is based upon the theory that Officer Harnack shot him and the other officer Defendants conspired to hide that fact and railroad him into jail and into unjust convictions.

Assuming Eberly can plead this alternative and inconsistent claim against Officer Wilgosiewicz, the Court still must confront the question of whether Count 8 survives *Heck*. Although Count 8 is identical in form to Count 7, which the Court concluded was not *Heck*-barred, the two counts suffer a different fate under *Heck* for one substantive and dispositive reason. "[A] plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual

allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006); *see also, Hoeft v. Anderson*, 409 Fed.Appx. 15, 18 (7th Cir. 2011) (affirming application of *McCann* and granting of motion for summary judgment under *Heck*). Here, the unequivocal language used by Eberly in Count 8 – that Officer Wilgosiewicz fired his weapon at Eberly "without any provocation or any immediate danger arising from [Eberly]" – is directly at odds with Eberly's admission that he ran towards Officer Wilgosiewicz and tried to take his handgun (all of which occurred before Officer Wilgosiewicz fired the gunshot in question). FAC at 10, ¶ unknown. Because the specific allegation in the FAC that Officer Wilgosiewicz fired at Eberly without any provocation or immediate danger from Eberly directly contradicts the uncontested facts of Eberly's plea colloquy and, most importantly, his criminal conviction,[5] Count 8 must fall to *Heck. See, e.g., VanGilder* 435 F.3d 689. At its core, *Heck* is grounded in the "strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction." *Heck*, 512 U.S. at 484, To allow Count 8 to proceed while Eberly's state court convictions stand would be in direct conflict with that policy, and so Count 8 must be dismissed under *Heck*.

## B. State Law Claims

Counts 4 and 5, which are grounded in state law and allege intentional infliction of emotional distress and civil conspiracy, respectively, require a federal

---

[5] Specifically, the plea colloquy and the charging documents amply suggest that Eberly did in fact "provoke" the use of force from Officer Wilgosiewicz and create an "immediate danger" because he "knowingly and without consent of a peace officer attempt[ed] to take a weapon from a person, [O]fficer Wilgosiewicz, known to the defendant to be a peace officer, while the peace officer is engaged in the performance of his official duties." [ECF No. 42] at 25, 46-48.

jurisdictional hook to remain in this federal case. In the interest of judicial economy, the Court sees no need to regurgitate Judge Chang's previous (and exhaustive) discussion of whether the state law claims are barred as untimely and whether there is supplemental jurisdiction over identical state-law claims in Eberly's original complaint. Suffice it to say this Court adopts that prior reasoning, *Eberly*, 2020 WL 6681347, at *6, and relinquishes its supplemental jurisdiction over the state law claims asserted in Counts 4 and 5. *See, e.g., Dietchweiler by Dietchweiler v. Lucas,* 827 F.3d 622, 631 (7th Cir. 2016). This Court agrees with Judge Chang that, as pled, the federal law claims that serve as jurisdictional hooks for the state law intentional infliction of emotional distress and conspiracy claims (Counts 4 and 5), i.e. those that are related for purposes of supplemental jurisdiction, largely are the *Heck*-barred claims (Counts 1-3). If Eberly thinks he can replead the intentional infliction claim (Count 4) so that it is linked only to his surviving federal claim against Officer Harnack, he is given leave to do so within 14 days of the date of this Memorandum Opinion and Order. The Court sees no way, however, for Eberly to replead the conspiracy claim (Count 5) so as to be able sustain supplemental jurisdiction, for the same reasons explained by Judge Chang. To the extent the state law claim for indemnification (Count 6) is related to the recovery Eberly seeks from his excessive force claim against Officer Harnack, it also survives for that limited purpose. *Eberly*, 2020 WL 6681347, at *6.

## IV.
## Conclusion

The motion to dismiss is granted with prejudice as to Eberly's claims regarding failure to intervene (Count 1), unreasonable pretrial detention (Count 2), conspiracy to violate federal constitutional rights (Count 3), state law conspiracy (Count 5), and excessive force against Officer Wilgosiewicz (Count 8). The claim for intentional infliction of emotional distress (Count 4) is dismissed without prejudice and Eberly is given 14 days to replead it, to the extent he can do so consistent with this Memorandum Opinion and Order. The excessive force claim against Officer Harnack (Count 7) survives, as does the indemnification claim (Count 6), but only to the extent it is premised on the excessive force claim against Officer Harnack. The indemnification claim is otherwise dismissed with prejudice.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   August 31, 2021

15