IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARC EBERLY, | |
| Plaintiff, | No. 19 CV 6129 |
| v. | Magistrate Judge Jeffrey T. Gilbert |
| JONATHAN HARNACK, ET. AL. | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Second Rule 37 Motion to Compel [ECF No. 84]. Plaintiff again is seeking to compel Defendant Jonathan Harnack to disclose his home address on September 13, 2017, when the events that gave rise to this case occurred. Plaintiff first served interrogatories on Defendant Harnack in November of 2021, including Interrogatory No. 22 requesting Defendant Harnack's home address both in September of 2017 and at present. The Court denied Plaintiff's motion to compel a response to Interrogatory No. 22 after a hearing on February 16, 2022, [ECF Nos. 71, 77], and Plaintiff now moves again under Federal Rule of Civil Procedure 37 effectively to compel a response to the same interrogatory.[1] For the reasons explained below, Plaintiff's Motion is denied again.

---

[1] Defendant Harnack takes issue with the procedural posture of the instant motion, arguing that Plaintiff is improperly trying to compel him to respond to an email asking for Defendant Harnack's home address sent after the Court's February 2022 ruling. According to Defendant Harnack, if Plaintiff's email is construed as a new interrogatory, it would exceed the 25-interrogatory limit under Federal Rule of Civil Procedure 33(a)(1). The Court prefers to characterize Plaintiff's instant Motion to Compel [ECF No. 84] as a renewed motion to compel

A party seeking discovery may file a motion to compel under Federal Rule of Civil Procedure 37 if another party fails to respond to a discovery request or when its response is insufficient. FED.R.CIV.P. 37(a); *see also, Belcastro v. United Airlines, Inc.,* 2019 WL 1651709, at *2 (N.D. Ill. 2019). "Courts have broad discretion in resolving such disputes and do so by adopting a liberal interpretation of the discovery rules." *United States Gypsum Co. v. Ectek Int'l, Inc.,* 2022 WL 1155155, at *2 (N.D. Ill. 2022) (citing *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.,* 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018)). To that end, Rule 26(b)(1) provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED.R.CIV.P. 26(b)(1). As the 2015 amendments to Rule 26 emphasize, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." FED.R.CIV.P. 26, Advis. Comm. Notes for 2015 Amendments.

Plaintiff's renewed motion gets off to a rocky start in that it opens with a fundamental misunderstanding of why the Court denied Plaintiff's first motion to compel. Plaintiff asserts that the Court declined to compel Defendant Harnack to

---

Defendant Harnack to answer Interrogatory No. 22 and avoid the issue of whether Plaintiff's email request is or is not a new interrogatory, as there really is no need to engage in that analysis and the Court would prefer to resolve the issue on the merits.

disclose his home address "because Defendant Harnack's whereabouts around the time of the shooting had not yet been formally identified in [response to] a written interrogatry [sic]." Plaintiff's Motion [ECF No. 84] at 1. True, the Court noted in its oral ruling that *one* failing of Plaintiff's motion was the fact that he had not yet asked Defendant Harnack where he claims to have been at the time of the incident, let alone if he was at home. But the fact that Defendant Harnack had not yet placed his home address "at issue," so to speak, was not the fundamental reason the Court declined to compel a response to Interrogatory No. 22. Instead, as the Court noted on the record and summarized in a short order that followed, the Court did so because the information sought was "neither relevant nor proportional to the needs of this case within the meaning of Federal Rule of Civil Procedure 26(b)(1)." [ECF No. 77].

It was Plaintiff's burden then, as it is now, to establish, "with specificity, that the requested documents are relevant." *Greenbank v. Great Am. Assurance Co.,* 2019 WL 6522885, at *3 (S.D. Ind. 2019); *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.,* 2017 WL 5890923 (N.D. Ill. 2017). Plaintiff has twice now failed to carry that burden. Broadly speaking, the universe of relevant and permissible discovery in this case should focus on the who, what, when, where, why, and how of Plaintiff's claim that Defendant Harnack fired a gunshot in his direction when Plaintiff was being arrested for a residential burglary in Big Rock, Illinois on September 13, 2017. First Amended Complaint [ECF No. 34]. Yet Plaintiff has pointed to no evidence that Defendant Harnack fired the shot or that he even was present when the shot was fired beyond a single, now-recanted text message from

3

Kane County Sheriff's Commander Christopher Peeler – an individual who was not present at the incident and has no first-hand knowledge of the events that occurred there. [ECF No. 86-2].[2] In this posture, the Court has difficulty understanding how Defendant Harnack's home address in September of 2017 is relevant to the claims or defenses in this case, regardless of how close or far Defendant Harnack lived from the scene of the residential burglary where Plaintiff was arrested. *BankDirect Capital Finance, LLC,* 2017 WL 5890923, at *4 ("Unless the requestor can demonstrate that the materials sought are relevant, judges should not hesitate to exercise appropriate control over the discovery process."). Further, even if Defendant Harnack's home address in September of 2017 somehow can be said to have some relevance, the burden on Defendant Harnack, an active-duty police officer, if he is compelled to disclose that information under the circumstances of this case outweighs any minimal relevance of that information and therefore is not justifiable or proportional to the needs of the case. *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter. Proportionality analysis involves consideration of various factors, including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

---

[2] The Court expresses no view in the context of resolving this discovery dispute as to whether this evidence, or anything else in the record, would be sufficient for Plaintiff to get to trial on his claims against Defendant Harnack or Defendant Kane County. That issue is not before the Court at this time.

4

The Court understands Plaintiff wants to argue, based on the distance between Defendant Harnack's residence and the scene of the residential burglary, that Defendant Harnack *could* have arrived at the scene of the shooting while the events there were unfolding and fired a shot at Plaintiff. This is a little like saying there are bears in the woods and trying to prove that point by pointing to a big stick and declaring that you used the stick to beat back the bears. The existence of the stick does nothing to prove the existence of the bears.[3] Similarly, Defendant Harnack's home address on the night of September 13, 2017, does nothing to establish Defendant Harnack (who was off duty at the time) knew about the residential burglary in progress when it was occurring, was present when a shot was fired at Plaintiff at the scene of that burglary, or that he fired the shot in question. Even if Defendant Harnack lived relatively close to the scene of the residential burglary, the Court does not see how that fact makes it more likely than not that Defendant Harnack fired the shot.

Plaintiff's insistence that the Court order Defendant Harnack to disclose where he lived in September of 2017 also is puzzling given that Plaintiff apparently knows full well where Defendant Harnack lived at that time. In response to Plaintiff's renewed motion, Defendant Harnack says Plaintiff's family members, who are part of the same community as Plaintiff and Defendant Harnack, have been deposed in this case and have testified to where Defendant Harnack lived in September of 2017.

---

[3] *See SEC v. The Nutmeg Group LLC*, 162 F. Supp. 3d 754, 774, n.5 (N.D. Ill. 2016) ("This is a variation on a classic rhetorical device frequently used in closing argument at trial to make the same point: Witness: 'I was visited by a ghost the other day who gave me a pen.' Lawyer: 'You'll have to prove that to me.' Witness: 'Sure, here's the pen.'").

5

Defendant's Response [ECF No. 86] at 3–4. Plaintiff did not respond to or refute that factual statement by Defendant Harnack in his two-page reply brief, which, in the Court's view, concedes the point. Plaintiff's Reply [ECF No. 89].

If Plaintiff already has the information he now seeks to compel from Defendant Harnack, then Plaintiff's request for that information is unreasonably cumulative of the evidence already in the discovery record. The Court has a mandatory responsibility under Federal Rule of Civil Procedure 26(b)(2)(C) to "limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; [or] (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action…" FED.R.CIV.P. 26(b)(2)(C)(i)–(ii). Rule 26(b)(2)(C) applies with full force here. And although Plaintiff might (but does not) say he wants Defendant Harnack's home address directly from him as a party admission under Federal Rule of Evidence 801(d)(2), it is hard to see why the Court should compel the information from Defendant Harnack on that basis if it would not materially add to the total mix of information already available to Plaintiff in the factual record for trial. The Court sees no prejudice to Plaintiff in presenting his case at trial or otherwise if the instant motion is denied.

Moreover, courts consistently have recognized the heightened safety concerns that caution against disclosure of a police officer's personally identifying information. *L.M. by Taylor v. City of Chicago,* 2013 WL 5477586, at *2 (N.D. Ill. 2013) ("police

6

officers play a significant role in law enforcement that may subject them [to] danger and they have a justifiable fear that disclosing their home addresses could jeopardize their safety.") (quoting *Collens v. City of New York,* 222 F.R.D. 249, 253 (S.D.N.Y. 2004)). Plaintiff says these concerns are less acute here given Defendant Harnack's deposition testimony that he no longer resides where he lived in September of 2017. Plaintiff's Reply [ECF No. 89], at 1-2. While that may be true, the Court sees no reason to rely on that distinction to order disclosure even of Defendant Harnack's former home address under the circumstances of this case because Plaintiff still has not made a threshold showing that Defendant Harnack's residence address is relevant and proportional discovery here. There is no reason for the Court to go down the path of compelling a police officer to disclose his home address, even a past home address, when Plaintiff has not shown he needs it.

Plaintiff's counsel hinted at the February 2022 hearing that there was more to Plaintiff's assertion that Defendant Harnack fired the gunshot during the September 2017 incident than just the one text message from Commander Peeler. Plaintiff's instant Motion to Compel [ECF No. 84], however, is devoid of any such evidence. Instead, Plaintiff exclusively focuses on the fact that Defendant Harnack testified at his deposition that he was at home during the incident and argues that this fact alone meets his threshold burden of establishing relevance. As discussed above, Plaintiff's tack misses the thrust of the Court's ruling at the February 2022 hearing. The Court explicitly stated that even if Defendant Harnack were to assert that he was at home during the incident, the Court would need some evidence that he was aware of the

7

residential burglary in progress, was informed of the 911 call, was listening to the radio traffic related to the incident, was identified by anyone with knowledge as being present on scene, or something else to bring his home address within the purview of permissible discovery in this case. Without such a showing, Defendant Harnack's home address remains irrelevant and disproportionate to the needs of the case, particularly given his status as a police officer.

After the February 2022 hearing, the Court allowed Plaintiff to pursue discovery into Defendant Harnack's phone records for the date of the incident, on the theory that Defendant Harnack may have received some communication informing him of the residential burglary. [ECF No. 77] ("Plaintiff's Motion is granted in part with respect to Interrogatory #23, in that Defendant Jonathon Harnack shall produce to Plaintiff a redacted copy of his cell phone records covering the time period beginning one hour before the 911 call that precipitated the incident in question in this case through an hour after police officers cleared the scene on 9/13/17…"). This discovery, in the Court's view, did not implicate Defendant Harnack's legitimate personal security concerns and allowed Plaintiff some leeway to explore his theory of the case within the bounds of Federal Rule of Civil Procedure 26(b)(1). Defendant Harnack has since produced documents responsive to Interrogatory No. 23, and these documents are neither helpful to Plaintiff nor supportive of Plaintiff's assertion that Defendant Harnack's home address in September of 2017 is relevant to the claims or defenses in this case or proportional to the needs of the case. [ECF No. 86] at 7 ("The carrier of Deputy Harnack's personal cell phone, despite most data regarding his cell

8

phone being unavailable due to the passage of time, was able to determine that there were no incoming calls to his cell phone during the period beginning one hour before the 911 call that precipitated the incident through an hour after police officers cleared the scene on September 13, 2017.").

For all these reasons, the Court, in its discretion, finds that Plaintiff has not met his burden of establishing the relevance or proportionality of the information he is seeking within the meaning of Federal Rule of Civil Procedure 26(b)(1), and his Second Motion to Compel [ECF No. 84] therefore is denied.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated:   June 1, 2022